UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO SANTIAGO HUERTA and CLEMENTINA DURAN, on behalf of themselves and all others similarly-situated,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>ANTILLANA & METRO SUPERMARKET, CORP., and ALRA CORP., and OSVALDO RODRIGUEZ, individually,<br><br>                    Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

FERNANDO SANTIAGO HUERTA and CLEMENTINA DURAN (together as "Plaintiffs"), on behalf of themselves and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, STEVENSON MARINO LLP, as and for their Complaint against ANTILLANA & METRO SUPERMARKET, CORP. ("Antillana"), and ALRA CORP. ("ALRA") and OSVALDO RODRIGUEZ, individually (collectively as "Defendants"), alleges upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3);

1

(iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information on each payday, NYLL § 195(1); and (v) the FLSA's prohibition against retaliation for opposing discrimination under the FLSA, FLSA 215; (vi) the NYLL's prohibition against retaliation for opposing discrimination under the NYLL, NYLL 215; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff Huerta worked for Defendants as a produce worker from December 2020 through December 9, 2022, at Defendants' supermarket located at1339 Jerome Avenue, Bronx, New York. As described below, for the duration of his employment period, Defendants willfully failed to pay Plaintiff Huerta the wages lawfully due to him under the FLSA and the NYLL, as Defendants failed to compensate Plaintiff Huerta at the statutorily-required overtime rate of pay for the hours that Plaintiff Huerta worked beyond forty in a workweek.

3. Plaintiff Duran worked for Defendants as a produce worker from July 2, 2021, through July 21, 2021, at Defendants' supermarket located at 1384 Nelson Avenue, Bronx, New York. As described below, for the duration of her employment period, Defendants willfully failed to pay Plaintiff Duran the wages lawfully due to her under the FLSA, as Defendants failed to compensate Plaintiff Duran at the statutorily-required overtime rate of pay for the hours that Plaintiff Duran worked beyond forty in a workweek.

4. Additionally, Defendants violated the NYLL by failing to provide Plaintiff Huerta with a wage statement on each payday that accurately stated the hours that Plaintiff Huerta worked each week or a wage notice upon his date of hire that accurately stated his regular and overtime rates of pay.

5. Lastly, Plaintiff Huerta brings retaliation claims under the FLSA and the NYLL, as Defendants terminated Plaintiff Huerta's employment for refusing to force his spouse, Plaintiff

Duran, to drop her wage and hour lawsuit filed in state court against Defendant ALRA and Rodriguez, entitled *Duran v. 1384 Meat & Food Corp. et al.*, Index No. 801198/2022, (Sup. Ct., Bronx Cnty.).

6. Defendants' failure to pay overtime was not limited to Plaintiffs, but also extended to all of Defendants' non-managerial employees in Defendants' supermarkets.

7. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other similarly-situated non-managerial employees during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff Huerta additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

8. Plaintiff Huerta also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times herein, Plaintiff Huerta worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times herein, Plaintiff Duran worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA.

13. At all relevant times herein, Antillana was and is a New York corporation with its principal place of business located at 1339 Jerome Avenue, Bronx, New York 10452.

14. At all relevant times herein, ALRA was and is a New York corporation with its principal place of business located at 1384 Nelson Avenue, Bronx, New York 10452.

15. At all relevant times herein, Defendant Rodriguez was and is Antillana's and ALRA's Chief Executive Officer and owner. In this role, Defendant Rodriguez oversaw Antillana's and ALRA's day-to-day operations including the day-to-day activities of their non-managerial employees, paid their employees, and had the power to hire and fire and approve all personnel decisions with respect to all of Antillana's and ALRA's employees, including all non-managerial employees. In fact, Defendant Rodriguez hired Plaintiffs at his respective supermarkets, was responsible for paying Plaintiffs, maintained Plaintiffs' employment records, and made the decision to terminate Plaintiff Huerta.

16. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and NYLL. Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and buy and sell produce and other food items in the course of their business, which originate in states other than New York, as well as accept credit card payments from customers for their purchases, the combination of which

subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants at the supermarkets that were or are owned and/or operated by Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

18. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

20. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiff Huerta seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

22. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

23. Plaintiff Huerta seeks certification of the following FRCP 23 class:

    Current and former non-exempt employees, who during the applicable NYLL limitations period, performed any work for any of the Defendants' supermarkets that were or are owned and/or operated by Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

24. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

25. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that

6

Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (7) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (9) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

26.     As described in the "Background Facts" section below, Defendants employed Plaintiff Huerta and Rule 23 Plaintiffs as non-managerial employees. Plaintiff Huerta's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff Huerta seeks to represent, as Plaintiff Huerta and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay, while also failing to provide them with accurate wage statements on each payday. Plaintiff Huerta and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday. Plaintiff Huerta and the Rule 23 Plaintiffs have all sustained similar types of damages

as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff Huerta and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff Huerta's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

27.     Plaintiff Huerta, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff Huerta overtime pay for all of his hours worked over forty each week or furnish him with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff Huerta is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff Huerta fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff Huerta would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28.     Additionally, Plaintiff Huerta's counsel has substantial experience in this field of law.

<u>Superiority</u>

29.     Plaintiff Huerta has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff Huerta identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30. Any lawsuit brought by any non-managerial employee who worked for Defendants in any of the supermarkets owned and/or operated by Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

31. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

32. Antillana and ALRA are two nominally distinct corporations that own and operate at least two supermarkets doing business as Antillana Superfood Marketplace located at 1339 Jerome Avenue, Bronx, New York and Extra Jumbo Market Place located at 1384 Nelson Avenue, Bronx, New York. Antillana and ALRA have common management, a common labor force, and jointly control the day-to-day activities of the non-managerial supermarket employees that work at both supermarkets.

33. Plaintiffs were both supervised by Defendant Rodriguez and Edwin Pena, who exercised common management and control over both supermarkets. Defendants exercised control through their common management by terminating Plaintiff Huerta from Antillana on the basis that his spouse, Plaintiff Duran, commenced a wage and hour lawsuit against ALRA, which Pena informed Huerta was the sole reason.

**Plaintiff Huerta**

34. Defendants employed Plaintiff Huerta as a non-managerial produce worker from in or around December 2020 until December 9, 2022, during which period he worked at Defendants' supermarket.

35. As a produce worker, Plaintiff Huerta was responsible for manual tasks, such as

washing, cutting, handling, and stocking produce in the supermarket.

36.     During his employment, Plaintiff Huerta routinely worked six (6) days per week, commencing his work each day at approximately 7:00 a.m. and working until approximately 4:00 p.m. each day without any uninterrupted meal break. Thus, Plaintiff Huerta routinely worked for Defendants approximately fifty-four (54) hours per workweek.

37.     For his work, Defendants paid Plaintiff Huerta a weekly salary of $900.00 by cash. Defendants, therefore, paid Plaintiff Huerta at a regular rate of $16.67 per hour but failed to pay Plaintiff the statutorily required overtime rate of $25.00 for the hours that Plaintiff worked over forty each week. As a result, despite Plaintiff Huerta routinely working over forty hours each workweek, Defendants failed to pay Plaintiff Huerta for those hours worked over forty, thus depriving her of the statutorily required overtime rate of one and one-half times her regular rate for the hours that Plaintiff Huerta worked over forty each week.

38.     By way of example only, for five days during the week of November 14 to November 19, 2022, Plaintiff Huerta worked each day from 7:00 a.m. to 4:00 p.m., without any uninterrupted meal break, totaling fifty-four (54) hours worked that week. For his work during this specific workweek, Defendant paid Plaintiff Huerta $900.00 per week by cash, but failed to pay Plaintiff Huerta at the statutorily required overtime rate of $25.00 for the fourteen (14) hours that Plaintiff Huerta worked in excess of forty that week. The foregoing example is representative of Plaintiff Huerta's hours and compensation throughout his employment with Defendants.

**Plaintiff Duran**

39.     On or around July 2, 2021, Defendants hired Plaintiff Duran to work in the produce department. As a non-managerial employee, Plaintiff Duran was responsible for cutting produce to prepare the salads to be sold at the supermarket. Plaintiff Duran worked in this role until around

July 21, 2021.

40. During her employment, Plaintiff Duran routinely worked six (6) days per week, Monday through Saturday, commencing her work each day at either approximately 8:00 a.m. and working until approximately 5:00 p.m. each day without any uninterrupted meal break. Thus, Plaintiff Duran routinely worked for Defendants approximately fifty-four (54) hours per workweek.

41. For her work, Defendants paid Plaintiff Duran $420.00 on a weekly basis by cash. Defendants, therefore, paid Plaintiff Duran at a regular rate of $10.50 per hour but failed to pay Plaintiff Duran the statutorily required overtime rate of $22.50 for the hours that Plaintiff Duran worked over forty each week. As a result, despite Plaintiff Duran routinely working over forty hours each workweek, Defendants failed to pay Plaintiff Duran for those hours worked over forty, thus depriving her of the statutorily required overtime rate of one and one-half times her regular rate for the hours that Plaintiff worked over forty each week.

By way of example only, for the week of July 11, 2021 through July 17, 2021, Plaintiff Duran worked Monday through Saturday. On each day during this particular workweek, Plaintiff Duran commenced her employment at approximately 8:00 a.m. each morning and worked until approximately 5:00 p.m. each evening, without any uninterrupted meal break. Thus, during this particular workweek, Plaintiff Duran worked for Defendants fifty-four (54) hours. For this workweek, Defendants paid Plaintiff Duran $420.00 in cash. Thus, Defendants failed to pay Plaintiff Duran any hourly rate of pay, let alone her regular rate of pay, for the fourteen (14) hours that Plaintiff Duran worked over forty this week.

42. Defendants paid Plaintiffs on a weekly basis by cash.

43. On each occasion when Defendants paid Plaintiff Huerta, Defendants failed to

provide Plaintiff Huerta with a wage statement that accurately listed Plaintiff Huerta's actual hours worked for that week.

44. Upon Plaintiff Huerta's hire, Defendants failed to furnish Plaintiff Huerta with any wage notice whatsoever, let alone one that accurately listed his regular and overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

45. Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

46. On January 24, 2022, Plaintiff Huerta's spouse, Plaintiff Duran, filed an action against Defendant Rodriguez and ALRA, entitled *Duran v. 1384 Meat & Food Corp. et al.*, Index No. 801198/2022, (Sup. Ct., Bronx Cnty.). On May 2, 2022, Duran filed an Amended Complaint adding Defendant Rodriguez and his corporation, ALRA Corp., as parties to the action. The action similarly alleges that Duran worked for Defendants' supermarket and that Defendants' failed to pay Duran for the hours that she worked over forty in violation of the NYLL.

47. On December 9, 2022, Edwin Pena terminated Plaintiff Huerta's employment at the instruction of Defendant Rodriguez. Pena told Plaintiff Huerta during a conversation held in the afternoon on December 9, 2022, that the reason for his termination was that Plaintiff Huerta was an "enemy of the store." Pena additionally told Plaintiff Huerta that if his wife dropped her lawsuit against Rodriguez and ALRA Corp., then he could have his job back. Pena additionally told Plaintiff Huerta that he and his family would never find work again unless he made his wife drop her lawsuit. Plaintiff Huerta refused to comply with Defendants' instruction that he force his wife to drop her wage and hour case, and therefore was not allowed to continue working at the supermarket.

48. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

49. Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

50. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

53. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

54. Defendants willfully violated the FLSA.

55. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

57. Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

59. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

60. As also described above, Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61. Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62. Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

63. Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

65. As described above, Defendants, on each payday, failed to furnish Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

66. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

67. Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

69. As described above, Defendants, upon hire, failed to furnish Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

70. Defendants are liable to Plaintiff Huerta, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation under FLSA §215(a)(3)*

71. Plaintiff Huerta repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. Under FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

73. As described above, based on Defendants' belief that Plaintiff Huerta caused an action to be instituted against Defendants or that Plaintiff Huerta was going to provide testimony in support of his spouse against Defendants' unlawful wage practices, Defendants retaliated against Plaintiff Huerta by terminating his employment.

74. Defendants' practices were in willful violation of the FLSA, and Plaintiff Huerta is entitled to the maximum statutory penalties, costs and fees, compensatory damages, emotional distress damages, punitive damages, and all other appropriate forms of relief.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation under NYLL §215*

75. Plaintiff Huerta repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. Under NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or

retaliate against any employee . . . (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or . . . (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter . . . "

77. As described above, based on Defendants' belief that Plaintiff Huerta caused an action to be instituted against Defendants or that Plaintiff Huerta was going to provide testimony in support of his spouse against Defendants' unlawful wage practices or because Plaintiff Huerta exercised his rights under this chapter by opposing Defendants' unlawful wage practices, Defendants retaliated against Plaintiff Huerta by terminating his employment.

78. Defendants' practices were in willful violation of the NYLL, and Plaintiff Huerta is entitled to the maximum statutory penalties, costs and fees, compensatory damages, emotional distress damages, punitive damages, and all other appropriate forms of relief.

79. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff Huerta is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

80. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff Huerta;

i. Designation of Plaintiff Huerta and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

j. All damages that Plaintiff Huerta sustained as a result of Defendants' retaliatory actions, including an injunction restraining future retaliatory actions, compensation for lost wages, benefits, and all other renumeration, whether back pay or front pay, emotion distress damages and punitive damages;

k. Prejudgment and post-judgment interest, as provided by law; and

l. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
January 1, 2023

Respectfully submitted,

Stevenson Marino LLP
*Attorneys for Plaintiffs*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(212) 939-7229

By: _____
Jeffrey R. Maguire