**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
FERNANDO SANTIAGO HUERTA, et al.,

                    Plaintiffs,       23-cv-0002 (RA) (OTW)

       -against-       **OPINION & ORDER**

ANTILLANA & METRO SUPERMARKET, CORP., et al.,

                    Defendants.

-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiffs Fernando Huerta ("Huerta"), Clementina Duran ("Duran"), and Melvin Recarey ("Recarey") (collectively, "Plaintiffs") bring this action on behalf of themselves and others similarly situated against Defendants Antillana & Metro Supermarket, Corp., Alra Corp., 639 Grant St. Meat & Produce Corp., and Osvaldo Rodriguez ("Rodriguez") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleging, *inter alia*, unpaid overtime compensation, failure to furnish proper wage statements and notices, and retaliation. Plaintiffs now move for an order (1) granting conditional collective certification pursuant to 29 U.S.C. § 216(b); (2) requiring Defendants to turn over information for all non-managerial employees employed from January 1, 2020, to present; (3) authorizing the posting and dissemination of proposed notices and reminder notices; and (4) directing Defendants to post the notice in a conspicuous place at Defendants' three supermarket locations. (ECF 69). Plaintiffs have also moved for a conference regarding Defendants' apparent failure to produce certain documents and to provide responses or

objections to Plaintiffs' First Requests, Second Requests, and Interrogatories. (ECF 81). For the following reasons, Plaintiff's motion for conditional collective certification is **GRANTED**, and Plaintiffs' motion for a conference is **DENIED**.

I.     Background

All named Plaintiffs worked as non-managerial employees between 2015 and 2023 for at least one of Defendants' three supermarket locations: Antillana Superfood Marketplace ("Antillana"), located at 1339 Jerome Avenue, Bronx, New York, 10452; Extra Jumbo Market Place ("Jumbo"), located at 1384 Nelson Avenue, Bronx, New York, 10452; and Ozzie's Fresh Market ("Ozzie's"), located at 639 Grand Street, Brooklyn, New York, 11211. (ECF 37, ¶¶ 13-15). The three supermarkets are owned and operated as a single business entity by Defendant Rodriguez. (*Id.* at ¶ 2).

Plaintiff Huerta worked as a produce worker for Ozzie's from 2015 until November 19, 2020, and Antillana from December 2020 until December 9, 2022, (ECF 71-2, ¶ 4). Huerta alleges he worked six days per week for approximately 10 hours per day without a meal break, totaling 60 hours per week at Ozzie's, and he worked six days per week for approximately 9 hours per day without a meal break, totaling 54 hours per week at Antillana. (ECF 37, ¶¶ 37, 40). Plaintiff Duran worked as a produce worker for Jumbo from July 2, 2021, to July 21, 2021, (ECF 71-3, ¶ 4). Duran alleges she worked six days per week for approximately 9 hours per day without a meal break, totaling 54 hours per week. (ECF 37, ¶ 44). Plaintiff Recarey worked as a stocker for Ozzie's from 2012 until September 9, 2020, (ECF 71-4, ¶ 4). Recarey alleges he

worked six days per week for approximately 9 hours per day, totaling 54 hours per week (ECF 37, ¶ 49).[1]

Plaintiffs each allege that throughout the time of their employment, they were not paid an FLSA overtime premium and were instead paid at their normal hourly rate for any time worked above 40 hours per week. (ECF 71, at 4). Plaintiffs also allege that while Defendants utilized a time clock to track the actual hours worked by employees in a week, Plaintiffs were paid based on their scheduled hours, thus depriving them of overtime pay. (*Id.*).

Plaintiffs filed this action on January 1, 2023. (ECF 1). Eight opt-in plaintiffs (the "Opt-In Plaintiffs") have filed consent forms to become a party plaintiff under the FLSA. (ECF 27, 28, 30, 31, 32, 58, 65, 68). After mediation between the parties was unsuccessful, Plaintiff moved for conditional certification as a collective action. (ECF 69).

II.    **Motion for Conditional Certification**

A.    <u>**Legal Standard**</u>

The FLSA allows an employee to bring an action against an employer on behalf of themselves and other similarly situated employees. 29 U.S.C. § 216(b). Where a plaintiff seeks to bring a claim on behalf of similarly situated employees, courts have discretion to implement section 216(b) "by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotations omitted). Collective certification under the FLSA involves two steps: (1) determining whether there exist individuals similarly situated to the named plaintiff

---

[1] Each of the Opt-In Plaintiffs worked more than forty hours per week as produce workers, stockers, and cashiers. (ECF 71, at 3-4).

who have also been the victim of FLSA violations such that notice of the suit should be circulated; and (2) after providing notice to potential class members, determining whether any new plaintiffs who opted-in to the suit are in fact "similarly situated" to the named plaintiff. *Id*. at 555.

At the first stage of collective certification, the Court requires only a "modest factual showing that [the named plaintiffs] and others together were victims of a common policy or plan that violated the law." *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). "[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). Instead, the Court just looks to the pleadings and submitted affidavits to determine whether there are other potential class members who are similarly situated to the named plaintiff(s). *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015). Although this is a fairly low evidentiary standard, the plaintiff cannot merely rely on "unsupported assertions." *See Myers*, 624 F.3d at 555; *see also Morales v. Plantworks, Inc.*, 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (finding insufficient "conclusory allegation" in complaint that employees are similarly situated).

### B. Plaintiffs' Motion for Conditional Collective Certification is Granted

The seven declarations submitted by Plaintiffs are sufficient to grant conditional certification. "[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of *one* plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, 12-CV-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases)

(*emphasis* added); *Khamsiri v. George & Grank's Japanese Noodle Rest. Inc.*, 12-CV-265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (holding one declarant's "personal observations that she and other employees in tipped positions, who performed work 'similar' to hers, were paid less than the statory minimum and not compensated for overtime," was sufficient to grant conditional collective certification). Defendants' assertion that Plaintiffs have failed to sustain their burden because they "merely make conclusory allegations that they know and spoke with other employees who are allegedly underpaid, and should therefore be considered similarly situated" is unavailing. Indeed, this is precisely what Courts have routinely held is sufficient to meet a plaintiff's burden at this stage of the litigation.[2]

Plaintiffs also allege that other non-managerial supermarket workers across Defendants' three supermarkets worked more than forty hours and failed to receive the full amount of overtime that was due to them. (ECF 71, at 3). Eight plaintiffs have already opted in to this lawsuit that allege they worked at Defendants' three supermarkets in various roles and did not receive overtime pay. (ECF 71 at 14). Plaintiff Huerta identifies at least <u>twenty</u>-<u>two</u> additional non-managerial employees at Antillana across multiple positions (e.g., cashiers, loading, maintenance, dairy, produce, frozen food) that he personally spoke to about their wages. (ECF 71-2, ¶¶ 13-15). These twenty-two employees confirmed to Huerta that their hours were

---

[2] Defendants argue that most of the Plaintiffs' claims are barred by a two-year statute of limitations that should run from the date Plaintiffs filed their motion for conditional collective certification, May 20, 2024, and thus their declarations cannot be used to support the motion. (ECF 73). Because "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" when deciding a motion for conditional collective action, the Court declines to address this issue at this time. *McGlone* 867 F. Supp. 2d at 442. Defendants may re-raise any potential statute of limitations defenses as to the current Plaintiffs, Opt-In Plaintiffs, and any additional opt-in plaintiffs after the notice period. *Myers*, 624 F.3d at 555 ("[T]he purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist.") (*emphasis* in original).

undercounted, and they did not receive overtime pay for overtime hours worked. (*Id.* at ¶ 13). Plaintiff Recarey identifies at least three non-managerial employees at Ozzie's that he knows, based on personal conversations about their wages, were not paid for overtime hours worked. (ECF 71-4 at ¶¶ 10-11). Plaintiffs submit an additional five declarations with various jobs across Defendants' supermarkets to support the assertion that non-managerial workers at large routinely did not receive overtime pay at any of Defendants' stores. (*See, e.g.*, ECF 71-3, 71-5, 71-6, 71-7, 71-8).

Defendants' reliance on *Reyes Cruz v. 70-30 Austin St. Bakery Inc.* is misplaced. 18-CV-7408 (PAE) (HBP), 2019 WL 1929910 (S.D.N.Y. May 1, 2019). In *Reyes*, the Court denied the plaintiff's motion for conditional collective certification based on the personal observations in a <u>single</u> five-page affidavit from the plaintiff where the affidavit did not provide "any detail as to a single such observation or conversation, such as when or where the observations or conversations took place." *Id.* at *4 (internal quotations omitted). The Court in *Reyes* emphasized that "[s]uch details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function." *Id.* (internal quotations omitted). Here, however, Plaintiffs have submitted not one, but seven declarations in support of their motion for conditional class certification. Moreover, several of the declarations provide the exact names of the individuals spoken to, the details of the conversation, and the approximate time in which they took place. (*See, e.g.*, ECF 71-4) ("I also spoke with Emelio Fragroso and Yony Lopez during my lunch break around the same time in September 2020 about not receiving all of our overtime pay despite working long hours well over forty. Emelio told me that he complained about not receiving his overtime pay for his

6

overtime hours to Lucero Cuevas."). This is more than sufficient to meet the minimal burden Plaintiffs face at this stage.

Accordingly, the Court **GRANTS** conditional certification for Defendants' non-managerial workers[3] at each of its three supermarket locations.

### III.  Notice of Pendency

#### A.  Language of the Notice

Plaintiffs request that the proposed notice be sent to all non-managerial employees employed by Defendants from January 1, 2020, through the present. (ECF 71, at 19). The statute of limitations for FLSA claims can extend to three years if there is a "willful violation." *See* 29 U.S.C. § 255. Because Plaintiff has alleged willful violations, as supported by Plaintiffs' declarations, the notice period may be keyed to three years before the commencement of this suit, here, January 1, 2020.

Although Defendants do not raise any issue with the language in Plaintiffs' proposed notice, the Court will require some changes. The date in the first paragraph of the notice must be changed to January 1, **2020**, to reflect a three-year notice period from the date the complaint was filed. The notice should also include contact information for defense counsel. *See Slamna v. API Restaurant Corp.*, 12-CV-757 (RW), 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013) ("Courts in this Circuit have generally concluded that such information is appropriate for inclusion in a notice of collective action."). The last paragraph of page one should also be

---

[3] As alleged, "non-managerial employees" refers to cashiers, truck unloaders, stockers, meat department workers, fish department workers, bakery workers, cooks, frozen food workers, produce workers, dairy workers, and deli workers. (ECF 70 at 25).

corrected to state that the notice was approved by Magistrate Judge Ona T. Wang, not "the United States District Court, Southern District of New York." As requested by Plaintiffs, the notice shall be translated into Spanish to accommodate the non-English speaking workers. *See Shiqiang Gao v. A Canaan Sushi Inc.*, 18-CV-6442 (GBD) (OTW), 2019 WL 6724359, at *4 (S.D.N.Y. Dec. 10, 2019); *Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 18-CV-12220 (PAE) (RWL), 2019 WL 4493429, at 19 (S.D.N.Y. Sept. 9, 2019) (noting translation requests for notices are "commonly granted").

The parties shall meet and confer on the language of the proposed notice. Plaintiff shall file the revised proposed notice by **November 22, 2024**. If Defendants have any objections to the notice's language after meeting and conferring with Plaintiff, they may file objections by **December 6, 2024**. Following the Court's approval of the notice, Plaintiff may begin distributing the notice to members of the conditionally certified collective.

**B.    Distribution of Notice**

Plaintiffs request that the notice be permitted to be distributed by email and text message. (ECF 70 at 21). This is appropriate where, as here, "the nature of the employer's business facilitated a high turnover rate among employees." *See Vasto v. Credico (USA) LLC*, No. 15-CV-9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016). Defendants do not oppose this assertion by Plaintiffs.

Plaintiffs further request that Defendants post the notice in a conspicuous location in Defendants' supermarkets where putative collective members congregate. (ECF 70 at 27). That request is also granted, as "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified

by mail." *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). Defendants shall post copies in English and Spanish at each supermarket location.

### C.     Reminder Notices

Plaintiffs also request that they be permitted to send reminder notices thirty days after the original mailing of notice. (ECF 70 at 26). "Reminder notices further serve the purpose of notifying all potential opt-in plaintiffs of the pendency of the action. *Ding v. Mask Pot Inc.*, 20-CV-6076 (LDH) (MMH), 2024 WL 4351081, at *13 (E.D.N.Y. 2024). The proposed reminder notices serve to alert any potential collective members of the impending deadline for their response and the appropriate method of joining the lawsuit. The proposed reminder notices must meet the FLSA standard for notification, including the below modifications.

The reminder notice omits "critical reminders about opt-in plaintiffs' right to choose their own attorney." *Id.* at *14. Plaintiffs must add language to the reminder notice that explains that opt-in plaintiffs may retain their own counsel. The reminder notices also do not remind potential opt-in plaintiffs about their discovery and document preservation obligations. *Id.* Plaintiffs should include an abridged version of the answer to Question 5 from the original notice to remind opt-in plaintiffs of their discovery obligations should they choose to join this action.

Subject to the above modifications, and in light of Defendants' failure to object to reminder notices, Plaintiffs' request to send reminder notices thirty days after the original mailing of notice is granted. *See Qiang Lu v. Purple Sushi, Inc.*, 447 F. Supp. 3d 89, 98 (S.D.N.Y. 2020). For the reasons stated above, Plaintiffs' request that the reminder notices be distributed by email and text message is also granted. *Vasto*, 2016 WL 2658172, at *16.

### IV. Equitable Tolling

Defendants spend considerable time in their opposition arguing that equitable tolling is not warranted prior to May 20, 2022. (ECF 73 at 2-6). However, Plaintiffs' motion for conditional collective certification does not request equitable tolling. (ECF 70, 74). Issues of equitable tolling may arise as to individual opt-in plaintiffs, and Defendants can and should re-raise their arguments at the appropriate stage in the litigation, where they "will have an opportunity to argue that each plaintiff's claim is untimely because equitable tolling does not apply." *Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 129 (S.D.N.Y. 2022).

### V. Production of Employee Information

Plaintiffs request that Defendants produce a "computer-readable data file" with the names; last known mailing addresses; all known home and mobile numbers; all known email addresses; dates of employment; and positions for all non-managerial employees from January 1, 2020, to the present. (ECF 70 at 25). Courts routinely order production of contact information for potential opt-in plaintiffs. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016). Accordingly, Defendants shall provide such information, in an agreed-upon electronic format, for non-managerial employees employed at all three supermarket locations from January 1, 2020, through present.

### VI. Plaintiffs' Motion for a Conference

On September 23, 2024, Plaintiffs filed a letter motion seeking a conference regarding Defendants' failure to produce written responses or objections to "Plaintiffs' First Requests, Second Requests, [and] Interrogatories." (ECF 81). Defendants contend that they have produced documents relevant to the individual Plaintiffs, and the additional discovery sought

10

by Plaintiffs is "dependent upon the Court[']s evaluation of Plaintiffs' pending Motion for Conditional Collective Action Certification." (ECF 83). In light of my decision to grant Plaintiffs motion for conditional certification, Plaintiffs motion is **DENIED without prejudice to renewal.**

### VII.   Conclusion

For the foregoing reasons, Plaintiff's motion for conditional certification is **GRANTED**. After meeting and conferring with Defendants, Plaintiffs shall submit their revised proposed notice by **November 22, 2024**. By **November 22, 2024**, Defendants shall produce to Plaintiff the contact and employment information, as outlined above, for all non-managerial employees employed by Defendants since January 1, 2020.

The Clerk of Court is directed to close ECF 69 and 81.

**SO ORDERED.**

Dated: November 1, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

11